UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SCOTT BROTHERTON,

    Petitioner,

v.                                                                                                         Civ. No. 16-802 MCA/GJF

JAMES MULHERON, Warden,
and HECTOR H. BALDERAS,
Attorney General of New Mexico,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Petitioner's pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). Doc. No. 1. Because Petitioner has not exhausted the state court remedies available for his claim of relief, this Court recommends dismissing the Petition without prejudice.

**BACKGROUND**

On February 9, 2010, Petitioner pled no contest in New Mexico's Second Judicial District Court to second-degree trafficking of cocaine. *See* Doc. No. 7, Ex. A (Judgment and Sentence, *State v. Scott Brotherton*, Cause No. CR 2009-03256). Petitioner was sentenced to a nine-year suspended sentence, plus one year as a habitual offender, to be followed by two years of parole and five years of probation. *See id.* On August 4, 2015, four days before his probation was set to end, a state district court revoked Petitioner's probation. *See* Doc. No. 7, Ex. J (Order Revoking Probation, *State v. Scott Aaron Brotherton*, Cause No. CR 2009-03256).

Petitioner did not file a Motion for Reconsideration and instead appealed the revocation of his probation directly to the New Mexico Court of Appeals. Petitioner asserted that the

1

Amended Order of Probation provided that his probation was to end in April 2015, not August 2015. Therefore, Petitioner argued, the Order Revoking Probation should be set aside and he should be released from custody. *See* Doc. No. 7, Ex. L (Docketing Statement, *State of New Mexico v. Scott Brotherton*, N.M. Ct. App. No. 35,039). The New Mexico Court of Appeals affirmed the revocation of probation. *See id.*, Ex. O. The New Mexico Supreme Court denied Petitioner's petition for writ of certiorari. *See id.*, Exs. Q, R.

On January 20, 2016, Petitioner filed a state petition for post-sentence relief in New Mexico's Second Judicial District Court, in which he reasserted his argument that he completed the time he was sentenced to, "but for some reason was sent back to prison on that same case." *See id.*, Ex. S. On February 5, 2016, Petitioner filed a state habeas corpus petition in the same court, asserting the same arguments from the petition for post-sentence relief. *See id.*, Ex. T. He also filed a Motion for Reconsideration of Sentence on May 23, 2016. *See id.*, Ex. U. The district court denied the habeas petition, citing a lack of jurisdiction. *See id.*, Exs. V, W. On July 7, 2016, Petitioner filed a petition for writ of certiorari that *still* remains pending in the New Mexico Supreme Court. *See id.*, Ex. X.[1] Notwithstanding his pending petition for a writ of certiorari, and not waiting for the New Mexico Supreme Court to decide whether to grant review of it, Petitioner filed the instant federal habeas petition on July 8, 2016. *See* Petition, Doc. No. 1.

In their answer to the instant Petition, Respondents asserted that the Petition should be dismissed without prejudice due to Petitioner's failure to exhaust available state remedies. *See* Answer to Pet. for Writ of Habeas Corpus ("Answer"), Doc. No. 7 at 1-2, 5-6. In what this Court is construing as his reply brief, Petitioner argued he "[has] given the district court, the Court of Appeals and the highest court which is the Supreme Court one full opportunity to

---

[1] On October 3, 2016, a member of this Court's staff confirmed with personnel at the New Mexico Supreme Court that this petition remains pending in that court.

resolve these constitutional issues, which they were unable to. [T]he state court's [sic] are clearly unable to resolve this issue." *See* Pet'r's Reply, Doc. No. 8.

**Petitioner's Claim**

Petitioner is a pro se litigant. Accordingly, this Court construes his pleadings liberally and holds them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[.]" *Garrett v. Selby, Connor, Maddox, & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

Petitioner raises only one ground for relief in his Petition, which is that his period of probation expired months before his probation revocation hearing, and thus, he should be released from custody immediately. *See* Pet., Doc. No. 1.

**ANALYSIS**

As stated above, Respondents argue that the Petition should be dismissed due to Petitioner's failure to exhaust state remedies. Answer at 1-2, 5-6, Doc. No. 7. Specifically, Respondents emphasize that Petitioner still has a state habeas petition pending review before the New Mexico Supreme Court. *Id.* This Court agrees.

A federal habeas petitioner must give the state court a fair opportunity to act on his claims prior to filing in federal court in order to satisfy the exhaustion requirement. *See* 28

U.S.C. § 2254(c) (2012); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  To provide the state court with a fair opportunity, the petitioner must "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)[.]"  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack."  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994); *see also Thacker v. Workman*, 678 F.3d 820, 839 (10th Cir. 2012).  "If the petitioner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either 'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citing 28 U.S.C. § 2254(b)(1)(B)(i)-(ii)).

Because the purpose of the exhaustion requirement is to "give the state courts one full opportunity to resolve any constitutional issues," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), the petition must alert state courts "to the fact that the prisoner is asserting claims under the United States Constitution."  *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (internal citations omitted).  The petitioner need not "cite 'book and verse on the federal constitution,'" *Berg v. Foster*, 244 F. App'x 239, 244 (10th Cir. 2007) (quoting *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006)), but "[t]he federal quality of the rights asserted [must be] sufficiently discernible to fairly apprise the [state] court of the federal nature of [petitioner's] claims."  *Bowser v. Boggs*, 20 F.3d 1060, 1063 (10th Cir. 1994).

The state bears the initial burden of asserting exhaustion as a defense, but once pled, the petitioner bears the burden of showing that he has exhausted all available state court remedies or

that exhaustion is futile. *Hernandez v. Starbuck*, 69 F.3d 1089, 1092-93 (10th Cir. 1995); *Selsor*, 644 F.3d at 1026. "Traditionally, when a petition contains entirely unexhausted state claims, the petition [will] be dismissed without prejudice." *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006) (unpublished).

This Court concludes that Petitioner has not finished exhausting his available state court remedies. As noted above, Petitioner's petition for writ of certiorari with respect to his state habeas petition is currently pending before the New Mexico Supreme Court. As such, Petitioner is in the process of presenting his claims and has not yet concluded a complete round of state appellate review of his claims. *Gowler v. Arnold*, 462 F. Supp. 427, 428 (W.D. Okla. 1977) ("[A] federal court [will not] entertain an application for a writ of habeas corpus if an appeal is pending in the state courts."). Furthermore, Petitioner alleges no facts and provides no argument indicating that pursuing relief through these appellate avenues would be futile. Accordingly, Petitioner has not met his burden of establishing exhaustion as to his claim or that exhaustion is futile. Therefore, it is appropriate that the Petition be dismissed without prejudice. *See Hickman*, 191 F. App'x at 757.

**CONCLUSION**

Wherefore, IT IS HEREBY RECOMMENDED THAT the Petition [Doc. No. 1] be DISMISSED WITHOUT PREJUDICE.[2]

---

[2] Because of the recommended disposition of the Petition, the undersigned further recommends that Petitioner's Motion for Ruling, filed September 26, 2016 (Doc. No. 8), be denied as moot.

**IT IS SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**